IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DARLENE LEE GRAY, ADMINISTRATRIX                                          PLAINTIFF
OF THE ESTATE OF RUTH ROBINSON, DECEASED

V.                                                                       CASE NO. 3:03CV072

GRENADA HEALTH AND REHABILITATION
CENTER, MARINER HEALTH CARE
MANAGEMENT COMPANY; MARINER HEALTH
CARE, INC., AND JOHN DOES 1-20                                           DEFENDANTS
_____

## ORDER

This cause comes before the Court upon the motion [152] of the defendants, Mariner Health Care Management Co. and Mariner Health Care, Inc. (hereinafter "Mariner Health") seeking a judgment notwithstanding the verdict or in the alternative a new trial.

A motion for judgment as a matter of law in an action tried by a jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict. *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). A jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as it did. *Hiltgen*, 47 F.3d at 700. (quoting Fed. R. Civ. P. 50(a)(1)). A jury may draw reasonable inferences from the evidence, and those inferences may constitute sufficient proof to support a verdict. *Id*. On appeal an appellate court is bound to view the evidence and all reasonable inferences in the light most favorable to the jury's determination. *Id*. Even though the court might have reached a different conclusion if it had been the trier of fact, it is not free to reweigh the evidence or to re-evaluate credibility of witnesses. *Id*. The court must not substitute for the jury's reasonable factual inferences other inferences that it may regard as more reasonable. *Id*.

The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court, and is reversible only for an abuse of discretion. *Shows v. Jamison*

*Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence. *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998) (quoting *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998)). In passing on a motion for a new trial, a trial court does not need to take the view of the evidence most favorable to the verdict winner, but may weigh the evidence. *Shows*, 671 F.3d at 269 (quoting *Bazile v. Bizzo Marine Co., Inc.*, 600 F. 2d 101, 105 (5th Cir. 1979)). This does not mean that a judge may order a new trial simply because he or she disagrees with the jury verdict. *Id*. The judge must be convinced that the verdict is against the great weight of the evidence. *Id*.

On May 21, 2007 a judgment was entered awarding $62,500 to the plaintiff, Darlene Lee Gray, Administratrix of the Estate of Ruth Robinson, Deceased (hereinafter "Gray"). That judgment was based upon a jury finding that Mariner Health was negligent. In order to prove negligence Gray must show that Mariner Health staff failed to "exercise that degree of care, diligence, and skill as is ordinarily possessed and exercised by minimally competent and reasonably diligent, skillful, careful and prudent staff of nursing homes." *Estate of Perry ex rel. Rayburn v. Mariner Health Care, Inc.*, 927 So. 2d 762, 766 (Miss. Ct. App. 2006).

Gray introduced evidence that Mariner Health was negligent because (1) its employees failed to restrain Robinson with either a Posey vest or other available restraints; and, (2) its employees failed to implement a proper toileting schedule for Robinson or to provide proper padding in Robinson's room and on her person.

Gray failed to establish the first theory at trial. Her medical expert, Dr. Keith Miller, testified that he would have ordered a Posey vest or other restraint for Robinson. However, he also testified that the use of such a restraint would have been outside the standard of care unless a

2

prescription for the device had been made. No evidence showed that a prescription existed. Thus the nursing home staff could not have used a different restraining device for Robinson. No reasonable jury could have found otherwise.

However, Gray did create a jury question in relation to her second theory. The plaintiff's nursing expert, Luann Trahant, testified that a more standardized toileting schedule and/or additional padding in Robinson's room or on her person was required for Mariner Health to meet the required standard of care. Trahant testified that following Robinson's September 1, 2001 fall Mariner Health had a duty to implement a toileting schedule. During 2001, Mariner Health staff themselves found that Robinson needed help using the toilet. Trahant testified that no record of a toileting schedule's implementation existed and that this was a breach of Mariner Health's duty. She testified that the staff was aware that Robinson was going to the toilet unaided even though she was not able to safely do so. Records indicated that Mariner Health employees were aware that Robinson had, previous to the date in question, fallen when trying to move herself to the toilet. This evidence allowed a reasonable jury to conclude that Mariner Health had a duty to Robinson and that they breached that duty.

The more pertinent question is whether a reasonable jury could have inferred that this breach was the proximate cause of Robinson's injuries. While Trahant never specifically stated that Mariner Health's actions caused Robinson's fall, she provided enough information that a jury might reasonably infer causation. She testified that the standard of care is in place in order to prevent falls, that the standard was not met, and that a fall occurred. Specifically she states, "in my opinion, they set Ms. Robinson up for falls from the day of admission, although they were adamantly aware of her history, her cognitive ability, her potential to ambulate unassisted but yet they allowed her to ambulate repeatedly unassisted, fall without adequate assessment,

3

intervention or re-evaluation afterwards." This testimony in combination with the extensive testimony on Mariner Health's failure to protect Robinson is enough to establish causation.

Mariner Health argues that causation must be proven by expert testimony. This argument is based upon the premise that the instant case is one of medical malpractice. However, this is a case of ordinary negligence. As Mississippi courts have demonstrated and as this Court instructed the jury, a negligence action against a nursing home is governed by normal tort principals. *See, e.g. Miller v. King*, 927 So. 2d 519 (Miss. 1990).

Taking all reasonable inferences in the light most favorable to the plaintiff, this Court finds that a reasonable jury could have found that Mariner Health was liable. Mariner Health's motion for a judgment as a matter of law is DENIED.

Looking at the same evidence and weighing it the Court finds that Mariner Health is not entitled to a new trial. There was conflicting evidence presented by the parties as to whether Mariner Health breached its duty and as to whether that alleged breach was the cause of Robinson's fall. An empaneled and sworn jury weighed that evidence and found for the plaintiff. That is certainly not the only decision that they could have reached. However, it is a reasonable one. The jury believed the testimony of Trahant and this Court finds no reason to disagree with their conclusion. Mariner Health's motion for a new trial is DENIED.

It is so ORDERED

This the 27th day of November, 2007.

    /s/ Michael P. Mills
    **CHIEF JUDGE**
    **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF MISSISSIPPI**